UNITED STATES DISTRICT COURT
SOUTEHRN DISTRICT OF FLORIDA
MIAMI DIVISION

BRENT BALTZER,
*on behalf of himself and all*
*others similarly situated,*

       Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT,
INC., d/b/a MCM,
*a foreign corporation*,
MIDLAND FUNDING LLC,
*a foreign limited liability company*, and
ENCORE CAPITAL GROUP, INC.,
*a foreign profit corporation,*

       Defendants.
_____/

Case No.: 1:14-cv-20140-JAL

**CLASS REPRESENTATION**
**(Unlawful Debt**
**Collection Practices)**

**PLAINTIFF'S OPPOSED MOTION TO STRIKE AND
MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS'
REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
ARBITRATION, STAY PROCEEDINGS, AND STRIKE CLASS ALLEGATIONS**

COMES NOW, Plaintiff, Brent Baltzer (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby requests this Court strike new evidence submitted on reply by Defendants and pursuant to Local Rule 7.1(c) moves this Court for leave to file a brief seven (7) page Sur-Reply to Defendants' ten (10) page *Reply Memorandum in Support of Motion to Compel Arbitration, Stay Proceedings, and Strike Class Allegations*, and in support states as follows:

    1.    On or about January 13, 2014, Plaintiff filed his Complaint against Defendants, Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. (hereinafter collectively, "Defendants") [Dkt. 1].

1

2. On or about February 1, 2014, Plaintiff filed his *Motion for Class Certification and Incorporated Memorandum of Law* [Dkt. 6].

3. On or about March 7, 2014, Defendants filed their *Motion to Compel Arbitration, Stay Proceedings, and Strike Class Allegations and Supporting Memorandum of Law* (hereinafter, the "Motion to Compel") [Dkt. 13].

4. On or about April 18, 2014, Plaintiff filed his *Response in Opposition to Defendants' Motion to Compel* (hereinafter, "Response in Opposition") [Dkt. 36].

5. On or about May 19, 2014, Defendants filed their *Reply Memorandum in Support of Motion to Compel Arbitration, Stay Proceedings, and Strike Class Allegations and Supporting Memorandum of Law* (hereinafter, "Reply" or "Reply Memorandum") [Dkt. 41]. Included in Defendants' Reply Memorandum was a Supplemental Declaration of Kyle Hannan in Support of Motion to Compel Arbitration, Stay Proceedings, and Strike Class Allegations (hereinafter, "Supplemental Declaration") and attached Exhibit A-1.

6. Plaintiff requests this court strike the Supplemental Declaration, its exhibit, and the corresponding portions of Defendants' Reply Memorandum, and seeks leave to file a sur-reply to Defendants' Reply Memorandum in order to respond to new facts and legal arguments raised in Defendants' Reply Memorandum that were neither argued nor addressed in Plaintiff's Response in Opposition, including but not limited to, allegations of Plaintiff's use of the bankruptcy and subsequent discharge as both a "sword and a shield" and how such matters impact Defendants' ability to compel arbitration.

7. Furthermore, Defendant's Memorandum in Opposition contains errors of fact and law which Plaintiff could not have anticipated, and therefore were not addressed in Plaintiff's Response in Opposition.

**MEMORANDUM OF LAW**

  I. **The Supplemental Declaration and Exhibit is New Evidence Improperly Submitted on Reply**

  Southern District Local Rule 7.1(c) limits a reply memorandum to only rebuttal of matters raised in the response in opposition. Attempts to raise new arguments in a reply memorandum have been repeatedly rejected by this Court. *See e.g. Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345 (S.D. Fla. 2012) (declining to consider argument raised in defendant's reply because it was "improper for defendant to raise [the] new argument in its reply brief); *Flamenbaum v. Orient Lines, Inc.*, 2004 WL 1773207 (S.D. Fla. July 20, 2004); *Plante v. USF & G Specialty Ins. Co.*, 2004 WL 741382 (S.D. Fla. March 2, 2004); *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511 (S.D. Fla. 1996) (stating that "the Court finds that the movant may not raise new arguments in a reply brief"); *see also Herring v. Secretary, Dep't of Corrections,* 397 F.3d 1338 (11th Cir.2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court"). If a reply brief raises arguments or factual matters that do not rebut those raised in an opposition, a court will not consider them. *See Willis v. DHL Global Customer Solutions (USA), Inc.*, 2011 WL 4737909 (S.D. Fla. Oct. 7, 2011) (declining to consider legal and factual arguments because they were raised for the first time in defendant's reply and as a result plaintiff did not have an opportunity to respond to such arguments); *Martinez*, 959 F. Supp at 1515-1516 (striking the portions of an affidavit submitted with a reply memorandum and the portions of the reply memorandum that raised new arguments).

  Here, in Defendants' Supplemental Declaration, Mr. Hannan asserts new facts and evidence with regard to an alleged transfer of electronic and other records by Barclays to

3

Defendant Midland Funding. Mr. Hannan puts forth wholly new facts, including that there was an Excel file transferred to Midland Funding by Barclays.[1] In addition, attached to the Supplemental Declaration is an "abstract" of the data related to Defendant Midland Funding's purported purchase of Plaintiff's account. These are new factual allegations and evidence, provided for the first time in Defendants' Reply, leaving Plaintiff no opportunity to rebut or respond to such facts and evidence, or the relevant arguments Defendants raise in light of these facts and evidence.

To the extent that Defendants contend in their Reply Memorandum that such a declaration and exhibit are allowed under the Local Rules as "rebuttal of matters raised in the opposing memorandum," such evidence has been rejected when it was available at the time of, and should have been included in, the filing of the principal motion and no good reason exists for why the party did not introduce it in its original motion. *See TCC Air Servs., Inc. v. Schlesinger*, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009) (rejecting reply evidence that was available to plaintiffs when they filed their principal motion and plaintiffs understood the necessity of submitting such evidence); *Gold v. Wolpert*, 876 F. 2d 1327 (7th Cir. 1989); *see also Corson & Gruman Co. v. Nat'l Labor Relations Bd.*, 899 F.2d 47 (D.C. Cir. 1990) (discussing the requirement that parties raise all of their arguments in their opening briefs "to prevent sandbagging"). Defendants expressly raised the issue of and asserted that they validly purchased and obtained Plaintiff's account in their Motion to Compel, and were clearly aware of the need to

---

[1] It should be noted that there are significant evidentiary issues surrounding Mr. Hannan's Supplemental Declaration, including Mr. Hannan's ability to make statements as to the actions of Barclays, that such records did in fact include Plaintiff's account information, as well as the authentication and foundation of the "abstract" of the relevant information included in Exhibit A-1 and Defendants' unsupported and conclusive statement that such records meet the business records exception pursuant to Fed. R. Evid. 803(6). In the event Mr. Hannan's Supplemental Declaration and Exhibit A-1 are not stricken, Plaintiff will further address these issues in his sur-reply, should the Court grant Plaintiff leave to file.

4

prove the validity of the assignment and their ownership of Plaintiff's account. In fact, Defendants provided a Declaration by Mr. Hannan as part of their initial Motion to Compel, as well as the alleged Bill of Sale from Barclays to Midland Funding. Clearly, Defendants were sufficiently aware of, and understood the importance of, including information regarding the validity of the assignment and ownership of Plaintiff's account. Furthermore, as the abstract is purportedly from the Excel file received in December 2012, it was certainly available to Defendants at the time of their original Motion. As a result, there is no good or valid reason as to why the abstract, or the assertions regarding the "Excel file identifying all of the purchased accounts" allegedly received from assignor Barclays were not included in the original declarations and exhibits attached to Defendants' initial motion.

To the extent the Court does not reject this evidence and related arguments in its entirety, Plaintiff should be afforded the opportunity to refute and rebut the Supplemental Declaration, Exhibit A-1, and the related arguments in Defendants' Reply Memorandum.

## II.   Defendants Reargue Matters Addressed in their Initial Memorandum of Law.

In their Reply Memorandum, Defendants reargue matters addressed in their initial Motion to Compel that are neither in response to, nor a rebuttal of, facts and arguments presented in Plaintiff's Response in Opposition.

Florida Southern District Local Rule 7.1(c) states in relevant part that, "the reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition *without reargument of matters covered in the movant's initial memorandum of law*." (emphasis added). Section C of Defendants' Reply Memorandum expressly flies in the face of this rule, as by Defendants' own admission the arguments were not addressed in Plaintiff's

Response in Opposition. Specifically, Defendants' open Section C of their Reply Memorandum stating, "[i]n his opposition papers, *Plaintiff never addresses* the issue of whether MCM is an assignee-for-collection entitled to compel arbitration . . . ." Reply Memorandum, pg. 7 (emphasis added). Defendants' then proceed to reargue the same facts, legal authority, and arguments with regard to the implications of an "assignee-for-collection" as addressed in their initial Motion to Compel. This section of Defendants' Reply Memorandum is contradictory to, and in violation of, Rule 7.1(c), as by Defendants' own admission the arguments were not addressed in Plaintiff's Response in Opposition.

Similarly, in Section D of Defendants' Reply Memorandum, Defendants do not seek to rebut Plaintiff's assertions that Plaintiff has neither raised claims that require reliance on the agreement containing an arbitration clause, nor raised allegations of interdependent and concerted misconduct by both a non-signatory and a signatory of the agreement,[2] the two circumstances under which the Eleventh Circuit has applied equitable estoppel. Instead, Defendants attempt to restate and reargue the same theories, and case law, put forth in their initial Motion to Compel; namely that Defendants are entitled to compel arbitration as a result of the allegedly valid assignment of Plaintiff's account from Barclay's to Midland and the subsequent "assignment of the collection of the account from Midland to MCM," as well as that a parent company may compel arbitration when the claims arise out of the same facts. Reply Memorandum, pg. 8.

In summary, Sections C & D of Defendants' Reply Memorandum contain nothing more than a rehashing of the same arguments and authority put forth by Defendants in their initial

---

[2] Notably, Defendants do however, acknowledge by their own admission that no allegations have been raised about any concerted conduct between Defendants, non-signatories, and Barclays, a signatory. Reply Memorandum, pg. 8.

Motion to Compel, and as a result are improper and in violation of Rule 7.1(c). Therefore, Sections C & D should be stricken from Defendants' Reply Memorandum, or in the alternative should not be considered by the Court in its ruling.

### III.   Plaintiff Should be Afforded the Opportunity to Respond to and Clarify New Legal Arguments Presented in Defendants' Reply Memorandum

Plaintiff respectfully seeks leave of Court to file a brief sur-reply memorandum, not to exceed seven (7) pages, in response to Defendants' Reply Memorandum and in further support of Plaintiff's Response in Opposition to Defendants' Motion to Compel. *See* S.D. Fla. R. 7.1(c) ("No further or additional memoranda of law shall be filed without prior leave of court"); *Ottaviano v. Nautilus Ins. Co.*, 2009 WL 425976, *2 (M.D. Fla. Feb. 19, 2009) (granting motion for leave to file reply brief). Defendants' Reply Memorandum misstates facts and legal arguments and raises new facts and legal arguments. *See Webb v. Astrue*, 525 F. Supp. 2d 1329 (N.D. Ga. 2007) (noting that leave to file a sur-reply may be granted when a party raises new issues in a reply); *Doebele v. Sprint/United Mgmt. Co.*, 342 F. 3d 1117 (10th Cir. 2003) (finding an abuse of discretion by the district court in its consideration and reliance on new evidentiary materials presented for the first time in a summary judgment reply brief); *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996) (concluding that the nonmoving party should have been awarded the opportunity by the district court to respond to new evidence raised in the reply to summary judgment); *Fed. Ins. Co. v. Surujon*, 2008 WL 2949438 (S.D. Fla. July 29, 2008) (noting that the filing of plaintiff's sur-reply was "appropriate as Defendant inappropriately raised new arguments and submitted new evidence in its reply brief").

Defendants raise new facts and arguments related to Plaintiff's bankruptcy filing and discharge and their impact on the arbitration agreement. Specifically, Defendants assert that

7

Plaintiff is attempting to use his bankruptcy as a "sword" and as a "shield," and raise new arguments with regard to the timing of the collection letter at issue and Plaintiff's bankruptcy discharge. In light of the differing legal standards relevant to "core" versus "non-core" matters under the Bankruptcy Code, and Defendants' allegations that Plaintiff is somehow gaming the system by merely asserting that Defendants' Form Collection Letter was sent to Plaintiff in violation of the Bankruptcy Code, Plaintiff seeks to rebut Defendants' newly raised facts and arguments, as well as to address errors of fact and law contained in their Reply Memorandum. In sum, a sur-reply is appropriate as a "valid reason for such additional briefing exists" and Plaintiff should be afforded the right to respond to these new facts and arguments. *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008).

Additionally, should the Court deny Plaintiff's Motion to Strike the Supplemental Declaration and Exhibit A-1 and the corresponding portions of Defendants' Reply Memorandum, Plaintiff's also seek leave to respond to this new evidence and relevant arguments, as further discussed above, *supra*.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this *Motion to Strike and Motion for Leave to File a Sur-Reply to Defendant's* Reply *Memorandum in Support of Defendants' Motion to Compel Arbitration, Stay Proceedings, and Strike Class Allegations* and permit Plaintiff to file a seven (7) page sur-reply memorandum in further support of his Response in Opposition, and in response to Defendants' Reply Memorandum.

## 7.1(a)(3) CERTIFICATION

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), the undersigned certifies that he has contacted Defendants' counsel in good faith regarding the substance of this motion, and Defendants oppose the relief sought.

DATED this 6th day of June 2014.

Respectfully submitted,

**LEAVENLAW**

/s/ *Ian R. Leavengood*
**Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**Aaron M. Swift, Esq. FBN 0093088**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing *Opposed Motion to Strike and Motion for Leave to File a Sur-Reply to Defendant's Reply Memorandum in Support of Defendants' Motion to Compel Arbitration, Stay Proceedings, and Strike Class Allegations* has been filed electronically with the Clerk of the Court via the CM/ECF system which will send a notice of electronic filing this 6th day of June 2014 to:

    Ms. Linda M. Reck, Esq.
    Ms. Michele L. Stocker, Esq.
    Mr. Cory W. Eichhorn, Esq.
    Greenberg Traurig, PA
    401 East Las Olas Boulevard, Suite 2000
    Ft. Lauderdale, FL 33301
    reckl@gtlaw.com
    rosr@gtlaw.com
    eichhornc@gtlaw.com
    depasqualem@gtlaw.com
    stockerm@gtlaw.com
    smithl@gtlaw.com
    flservice@gtlaw.com
    *Attorneys for Defendants*

                                                /s/ *Ian R. Leavengood*
                                                Attorney