UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-20140-CIV-LENARD/GOODMAN

BRENT BALTZER,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT,
INC., et al.,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

## OR FOR LEAVE TO FILE A SUR-REPLY

This Cause is before the Undersigned on the District Court's referral of the Plaintiff Brent Baltzer's ("Plaintiff") Motion to Strike or for Leave to file a Sur-Reply (the "Motion"). [ECF Nos. 43; 44]. The Undersigned has reviewed Defendants' underlying motion to compel arbitration [ECF No. 13], Plaintiff's response to that motion [ECF No. 36], Defendants' reply [ECF No. 41], the Motion [ECF No. 43], Defendants' response to the Motion [ECF No. 46], and the pertinent portions of the record. For the reasons stated below, the Motion is **granted in part and denied in part**.

I.    **BACKGROUND**

Plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 ("FDCPA") by Defendants Midland Credit Management, Inc. ("MCM"), Midland Funding, LLC ("Midland") and Encore Capital Group, Inc.

1

("Encore") (collectively, "Defendants"). [ECF No. 1, p. 1]. Defendants filed a motion to compel arbitration. [ECF No. 13]. That motion is Defendants' attempt to enforce the arbitration provision in the cardmember agreement between Plaintiff and Barclays Bank Delaware ("Barclays"). [*Id.* at pp. 3-5]. Plaintiff filed a response in opposition to the motion to compel arbitration and Defendants filed their reply. [ECF No. 36; 41].

Following Defendants' reply, Plaintiff filed the instant Motion, alleging that Defendants improperly added new arguments and evidence in their reply. Plaintiff requests the Undersigned to either strike the new material or to allow him to file a seven page sur-reply. [ECF No. 43, pp. 1-2]. Defendants oppose the Motion and claim that all material in their reply was rebuttal to Plaintiff's arguments made in response to their motion to compel arbitration. [ECF No. 46, p. 2].

The main aspects of the reply in dispute are as follows: (1) a Supplemental Declaration of Kyle Hannan, with an attached printout of electronic Midland records (the "Supplemental Declaration") [ECF No. 43, pp. 3-5]; (2) Defendants' argument that Plaintiff's bankruptcy and subsequent discharge is being used as both a "sword and a shield" regarding Defendants' ability to compel arbitration [*Id.* at p. 2]; and (3) Plaintiff's argument that Defendants are rearguing matters addressed in their initial motion. [*Id.* at p. 5].

## II. APPLICABLE LEGAL STANDARD

Local Rule 7.1(c) limits a reply memorandum to only rebuttal of matters in the response without reargument of matters covered in the movant's initial motion. A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence. *Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345 (S.D. Fla. 2012); *TCC Air Servs., Inc. v. Schlesinger*, No. 05–80543–CIV, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009). But, as United States District Judge Robin Rosenbaum[1] has cogently explained, there is "[a] significant difference . . . between new arguments and evidence, on the one hand, and rebuttal arguments and evidence, on the other" when they are raised in reply briefs. *Giglio Sub S.N.C. v. Carnival Corp.*, No. 12-21680-CIV, 2012 WL 4477504, at *2 (S.D. Fla. Sept. 26, 2012).

To that end, Local Rule 7.1(c)(1) carves out a limited exception to the general no-new-arguments/evidence-rule and permits a movant to "serve a reply memorandum with affidavits, declarations, or other materials, provided that all such materials are strictly limited to rebuttal of matters raised in the opposing memorandum." *Morrison v. Quality Transps. Servs., Inc.*, 474 F. Supp. 2d 1303, 1313-14 (S.D. Fla. 2002); *see also St. Paul Fire & Marine Ins. Co. v. Luke Ready Air, LLC*, 880 F. Supp. 2d 1299, 1305 (S.D. Fla. 2012).

---

[1] Judge Rosenbaum is now on the Eleventh Circuit Court of Appeals.

Consequently, "affidavits and declarations [attached to a reply brief] may contain facts not previously mentioned in the" underlying motion, "as long as the facts rebut elements of the opposition memorandum and do not raise wholly new factual issues." *Giglio Sub S.N.C.*, 2012 WL 4477504, at *2 (citing *Burger King Corp. v. Ashland Equities, Inc.*, 217 F. Supp. 2d 1266, 1280-81 (S.D. Fla. 2001)).

III.  ANALYSIS

    A.  <u>**The Supplemental Declaration**</u>

The parties dispute whether the Supplemental Declaration added new evidence. Plaintiff contends that the Supplemental Declaration, and the attached excel file, are "new factual allegations and evidence, provided for the first time in Defendants' Reply . . ." [ECF No. 43, p. 4]. Defendants argue that the Supplemental Declaration provided further support on an *existing* issue and, therefore, did not introduce new evidence. [*Id.* at pp. 2-3].

Plaintiff argued in his response to the motion to compel arbitration that Midland had not conclusively demonstrated that it is the owner of the underlying debt and, therefore, cannot enforce the arbitration agreement in the cardmember agreement. [ECF No. 36, pp. 6-8]. In response to that argument, Defendants submitted the Supplemental Declaration to further their argument that Midland is the owner of the underlying debt. [ECF No. 43, p. 2]. As such, Defendants are correct that while this evidence is new, it responds to Plaintiff's argument. Nevertheless, the inescapable reality is that (1)

4

Plaintiff cannot respond to this potentially significant new evidence, (2) this evidence was available to Defendants prior to the filing of their initial motion, and (3) they knew of its importance.

As to the availability of the evidence, at the bottom of the excel page attached to the Supplemental Declaration, there is a note that Plaintiff's file was "sent [to Defendants] pursuant to [the] Bill of Sale . . . on or about December 11, 2012." [ECF No. 41-2]. Thus, this evidence was available to Defendants well before the March 2014 motion to compel arbitration was filed. [ECF No. 13]. Second, Defendants clearly knew of the importance of proving the ownership of the account. In fact, in their motion to compel arbitration, Defendants put forth an alleged Bill of Sale from Barclays to Midland to prove ownership of Plaintiff's account. [ECF No. 14-1, p. 4]. It was only when Plaintiff challenged their proffered evidence as insufficient did Defendants submit this additional information, to which Plaintiff cannot respond.

Because the Supplemental Declaration was to rebut Plaintiff's arguments, the Undersigned will not strike it. *Giglio Sub S.N.C.,* 2012 WL 4477504, at *2-3. However, the Supplemental Declaration contains new evidence that was available to Defendants and which Defendants knew was important before they filed their motion. Accordingly, rather than strike this new evidence, the Undersigned will allow Plaintiff to file a brief **3-page** sur-reply to respond only to the new evidence in the Supplemental Declaration. *Fed. Ins. Co. v. Surujon*, No. 07-22819-CIV, 2008 WL 2949438, at *6, n. 6 (S.D. Fla. July 29,

2008) (sur-reply "was appropriate" where defendant presented new evidence in its reply brief). *See generally Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("We agree with the Seventh Circuit, which held that '[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.'") (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)).

### B. The Bankruptcy Discharge Argument

Plaintiff claims that Defendants added a new argument in their reply by claiming that Plaintiff's use of the bankruptcy and subsequent discharge is both a "sword and a shield" relating to Defendants' ability to compel arbitration. [ECF No. 43, p. 2]. This defense argument was made in an attempt to rebut Plaintiff's assertion, in his response, that his bankruptcy discharged the underlying debt, therefore rendering the cardmember agreement unenforceable. [ECF Nos. 36, p. 17; 41, pp. 9-10]. Defendants' argument is a permissible rebuttal to Plaintiff's argument under Local Rule 7.1(c). Accordingly, this rebuttal argument will not be stricken.

### C. Rehashing Arguments Raised in the Motion to Compel Arbitration

Plaintiff argues that under Local Rule 7.1(c), Defendants cannot reargue matters covered in their initial motion. [ECF No. 43, p. 5]. Plaintiff contends that the following arguments in Defendants' reply are nothing more than a reargument of points raised in Defendants' motion: (1) MCM is an assignee-for-collection; and (2) Defendants are

6

entitled to compel arbitration as a result of the alleged assignment of the Plaintiff's Barclays' account to Midland. [ECF Nos. 41, pp. 7-8; 43, p. 6].

Defendants argue that these arguments are rebuttals to Plaintiff's arguments. [ECF No. 46, p. 5]. Specifically, Defendants claim that the assignee-for-collection argument rebuts Plaintiff's argument that MCM is not entitled to compel arbitration and the Barclays' account assignment argument rebuts Plaintiff's argument that equitable estoppel does not apply because there was no assertion of concerted conduct. [*Id.*]. Because both arguments in question are a rebuttal of Plaintiff's arguments, they will not be stricken.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion is **granted in part and denied in part**. By August 12, 2014, Plaintiff may file a sur-reply of **no more than 3 pages**, excluding certificate of service and signature page, addressing only the issues raised in the Supplemental Declaration. No further briefing is permitted.

**DONE AND ORDERED** in Chambers, in Miami, Florida, August 5, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Honorable Joan A. Lenard
All Counsel of Record